UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. |
| $68,380, U.S. Currency,<br>Defendant. | §<br>§<br>§ | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

United States of America, Plaintiff, files this action for forfeiture against
$68,380.00 in United States currency.

### *Nature of the Action*

1. This civil action in rem is being brought to enforce the civil forfeiture
statute of 31 U.S.C. §5317(c)(2) which provides for the civil forfeiture of any
property involved in a violation of 31 U.S.C. § 5316. Under 31 U.S.C.A. §
5316(a)(1)(A), it is a crime for a person not to report that they are about to
transport more than $10,000 in United States currency out of the United States.
The United States currency involved in a violation of 31 U.S.C. §5316 is subject to
civil forfeiture under 31 U.S.C. §5317(c)(2).

2. This civil action in rem is also being brought to enforce the civil forfeiture
statute of 31 U.S.C. §5332(c) which provides for the civil forfeiture of any

Page 1 of 5

property involved in a violation of 31 U.S.C. §5332(a). Under 31 U.S.C. §5332(a)(1), it is a crime to attempt to smuggle bulk cash out of the United States. Section 5332 (a) provides that whoever, with the intent to evade a currency reporting requirement under 31 U.S.C. §5316, knowingly conceals more than $10,000 in currency or other monetary instruments on the person of such individual or in any conveyance, article of luggage, merchandise, or other container, and transports or transfers or attempts to transport or transfer such currency or monetary instruments from a place within the United States to a place outside of the United States, or from a place outside the United States to a place within the United States, shall be guilty of a currency smuggling offense. The United States currency involved in a violation of 31 U.S.C. §5332(a)(1) is subject to civil forfeiture under 31 U.S.C. §5332(c).

## *Jurisdiction and Venue*

3.      This Court has jurisdiction pursuant to 28 U.S.C. §1355 because this is an action for forfeiture under 31 U.S.C. §5317(c)(2) and 31 U.S.C. §5332(c).

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355 and 1395 (a) and (b) because the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas, the property was found and is located in the Southern District of Texas, and this forfeiture action accrued in the Southern District of

Texas.

## *Defendant in Rem*

5.    Defendant in rem is $68,380.00 in United States currency that was seized at the George Bush Intercontinental Airport in Houston, Texas, from Salvatore Piscopo on March 12, 2007.

## *Facts*

6.    On March 12, 2007, Salvatore Piscopo, was boarding at the George Bush Intercontinental Airport, Houston, Texas, Air France flight #33 to Paris, France. A United States Customs and Border Protection Officer asked Salvatore Piscopo whether he was transporting more than $10,000 in cash. Salvatore Piscopo replied in writing that he was carrying $2,500. He signed a Customs and Border Protection form on which he indicated that he was transporting $2,500.00.

7.    When United States Customs and Border Protection Officers conducted an inspection of Salvatore Piscopo, it was discovered that he had a total of $68,407. This currency was found concealed in Salvatore Piscopo's pant pockets, jacket and sock. United States Customs and Border Protection gave Salvatore Piscopo $27.00 of humanitarian aide and United States Customs and Border Protection seized $68,380.

8.    Salvatore Piscopo stated that he did not report all of the currency he was

carrying because he thought he was going to have to pay taxes on it.

*Relief Requested*

9.    Plaintiff requests:

A.        Arrest Warrants and summons, citing all persons having an interest in the defendant property to appear on the return day of process by filing a claim and answer pursuant to Rule G(5), Supplemental Rules for Certain Admiralty and Maritime Claims, or as ordered by this Court,

B.    A judgment of forfeiture, and

C.    Costs and other relief to which the Plaintiff may be entitled.

Respectfully submitted,

Donald J. DeGabrielle
United States Attorney

By: /s/ Albert Ratliff
Albert Ratliff
Attorney-in-Charge
NY Bar No. 1073907
SDTX Bar No. 6764
Assistant United States Attorney
United States Attorney's Office
P. O. Box 61129
Houston, Texas  77208
Office (713) 567-9579
Fax (713) 718-3300

## VERIFICATION

I, Samantha Alonso, Special Agent, United States Immigration and Customs Enforcement, declare under penalty of perjury as provided by 28 U.S.C. §1746 that I have read this *United States of America v. $68,380, U.S. Currency* Verified Complaint for Forfeiture in Rem, and the facts stated in this complaint are true and correct to the best of my knowledge and belief.

Executed on May 09, 2007.

Samantha Alonso, Special Agent,
U. S. Immigration and Customs Enforcement